**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DANNY JONES,<br><br>Petitioner,<br><br>v.<br><br>CALVERT COUNTY,<br>STATE OF MARYLAND,<br>WILLIAM BAILEY, *Warden,* and<br>ATTORNEY GENERAL OF MARYLAND,<br><br>Respondents. | Civil Action No. 24-0210-TDC |

**MEMORANDUM OPINION**

Self-represented Petitioner Danny Jones, who is currently confined at the Eastern Correctional Institution in Westover, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2010 conviction for robbery and other charges. Respondents have filed a Limited Answer in which they argue that the Petition should be dismissed as time-barred. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court issued an Order warning Jones that the Petition may be subject to dismissal as time-barred and advising him of his right to file a Reply in which he could provide information on whether equitable tolling of the statute of limitations is warranted. ECF No. 7. Following this Order, Jones submitted a Reply to the Answer. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On March 15, 2010, Jones was charged in a three-count Indictment in Case No. 04-K-10-000090 in the Circuit Court for Calvert County, Maryland ("the Circuit Court"). The charges consisted of the following numbered counts: (1) robbery; (2) second-degree assault; and (3) theft. The charges arose from the robbery of a Safeway gas station in Dunkirk, Maryland on February 18, 2010.

Jones waived his right to counsel and represented himself at the trial. On September 8, 2010, after a one-day jury trial, Jones was found guilty on all counts. He was sentenced to life imprisonment without the possibility of parole on the robbery conviction, with which the second-degree assault conviction was merged, and a concurrent 18-month sentence on the theft conviction. Jones timely filed a direct appeal to the Appellate Court of Maryland, which affirmed the convictions but vacated the sentences because Counts 1 and 3 should have merged and remanded for resentencing. The Maryland Appellate Court's mandate was issued on August 10, 2012. Jones did not seek further review in the Supreme Court of Maryland.

At the resentencing hearing on November 15, 2012, at which Jones represented himself, Jones was sentenced to 25 years of imprisonment without the possibility of parole on the robbery conviction, with which the other two counts merged. With the assistance of counsel, Jones appealed this new sentence, based on the claim that his waiver of the right to counsel at sentencing was invalid. On March 6, 2014, the Maryland Appellate Court vacated the sentence and remanded for another re-sentencing. The mandate was issued on April 7, 2014, and Jones did not seek further review by the Maryland Supreme Court.

At the second resentencing hearing on October 31, 2014, at which Jones was represented by counsel, he was again sentenced to 25 years of imprisonment on the robbery conviction, without

the possibility of parole. He filed a timely appeal of the new sentence, which was later voluntarily dismissed by Jones's counsel. The mandate was issued on August 14, 2015.

Meanwhile, on November 13, 2014, Jones filed a Motion for Reconsideration of the Sentence pursuant to Maryland Rule 4–345(e), in which he requested that the motion be held in abeyance until he "request[ed] some relief at a later date." State Record ("S.R.") 266, ECF No. 6-1.

On July 13, 2016, Jones filed a self-represented petition for postconviction relief ("the state petition") pursuant to the Maryland Uniform Postconviction Procedure Act ("UPPA"), Md. Code Ann., Crim. Proc. §§ 7–101 to 7–109 (West 2013). However, at a hearing on the state petition on February 10, 2017, Jones appeared with counsel and withdrew that petition.

Approximately one year later, on February 21, 2018, Jones again filed a self-represented Motion for Reconsideration of the Sentence and requested a hearing. The motion was denied on February 27, 2018, but on that same day, Jones, through counsel, filed another request for a hearing on the motion. The Circuit Court then scheduled a hearing, which was held on October 15, 2019, but the court took no action at that time. On October 24, 2019, Jones, through counsel, filed another Motion for Reconsideration of the Sentence. After several years, on March 16, 2022, the Circuit Court entered an order denying the Motion for Reconsideration of the Sentence. Such rulings are not appealable. *State v. Rodriguez*, 725 A.2d 635, 642 (Md. Ct. Spec. App. 1999) (As a general rule, "[a] motion to modify or reduce a sentence is directed to the sound discretion of the trial court and is not appealable.").

## DISCUSSION

In their Limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d).

## I. Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

## II. Timeliness

A review of the procedural history as described above reveals that the one-year limitations period elapsed prior to Jones's filing of the Petition. Jones's conviction did not become final until after he was re-sentenced for the third time on October 31, 2014. *See Woodfolk v. Maynard*, 857 F.3d 531, 542–43 (4th Cir. 2017) (holding that "when a state court defendant has been granted a resentencing, the limitations period under § 2244(d)(1)(A) runs from the judgment entered upon resentencing"). Where Jones filed a direct appeal of the resentencing but voluntarily dismissed

the appeal, and the mandate terminating the appeal was issued on August 14, 2015, Jones's conviction became final on that date.

After that date, the one-year limitations period was tolled by several filings, including the state petition and the various Motions for Reconsideration. *Mitchell v. Green*, 922 F. 3d 187, 189 (4th Cir. 2019) (holding that a motion for reconsideration of the sentence under Maryland Rule 4–345(e) tolls the limitations period). However, the last such filing, one of Jones's Motions for Reconsideration, was denied on March 16, 2022, so even assuming that the entire time period from when Jones's conviction became final until that ruling could be deemed to have been tolled by state postconviction petitions or the equivalent, the one-year limitations period still expired no later than March 16, 2023, nearly two years before Jones filed the present Petition.

Finally, Jones does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(l)(B)–(D), are applicable to his Petition. Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

**III. Equitable Tolling**

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

In his Reply, Jones asserts that he "filed every motion he could to try and litigate all the bias & prejudice that has occurred and continues to this day." Reply at 1, ECF No. 9. He also recounts what he believes to be errors in the conduct of his state proceedings and asks that the one-year limitations period "be set aside due to the miscarriage of justice in this case." *Id.* at 2. Jones, however, identifies no extraordinary circumstances outside of his control that could provide a basis to apply equitable tolling. Accordingly, and where the Court's own review of the record has revealed no such extraordinary circumstances, the Court will not grant equitable tolling of the limitations period. *See Sosa*, 364 F.3d at 512. The Petition will therefore be dismissed as time-barred.

**IV. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on

a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Jones must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Jones's claims are dismissed on procedural grounds, and, upon review of the record, the Court finds that Jones has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Jones may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

**CONCLUSION**

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall be issued.

Date: November 24, 2026

THEODORE D. CHUANG
United States District Judge